[Cite as *State v. Stoddard*, 2018-Ohio-833.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28078 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. STODDARD | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2013-01-0101 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2018

HENSAL, Judge.

{¶1} David Stoddard appeals a judgment of the Summit County Court of Common Pleas that denied his petition for post-conviction relief. For the following reasons, this Court affirms.

I.

{¶2} A jury found Mr. Stoddard guilty of multiple offenses, including aggravated felony murder, attempted murder, aggravated burglary, and reckless homicide as well as multiple firearm specifications and two capital specifications. The trial court sentenced him to life imprisonment without the opportunity for parole on the aggravated-felony-murder count and to a total of 38.5 years on his other offenses, which it ordered him to serve consecutively. This Court upheld his convictions and sentence on appeal. Meanwhile, Mr. Stoddard petitioned for post-conviction relief. He later amended his petition, but the trial court denied the amended petition

without a hearing. Mr. Stoddard has appealed, assigning as error that the trial court should have held a hearing before ruling on his petition for post-conviction relief.

II.

ASSIGNMENT OF ERROR

TRIAL COURT ABUSED IT[]S DISCRETION BY FAILING TO HOLD AN EVIDENTIARY HEARING AND ERRED TO THE PREJUDICE OF DEFENDANT, APPELLANT WHO THE COURT MADE A BLANKET ASSESSMENT REGARDING THE CREDIBILITY OF POTENTIAL WITNESSES FOR THE DEFENSE.

{¶3} Mr. Stoddard argues that the trial court incorrectly denied his petition without first granting him an evidentiary hearing. At the time the trial court decided Mr. Stoddard's petition, Revised Code Section 2953.21(C) provided: "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." Construing that language, the Ohio Supreme Court explained that "[a]n evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 29. "A trial court has the discretion to deny a postconviction petition without discovery or an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate 'sufficient operative facts to establish substantive grounds for relief.'" *Id*., quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. "To warrant an evidentiary hearing in a postconviction proceeding, a petitioner must submit evidence outside the record that sufficiently establishes that the petitioner is entitled to relief on one or more asserted constitutional grounds." *Id*.

{¶4} Mr. Stoddard notes that some of his convictions, including the one for aggravated felony murder, relate to his aggravated burglary offense, and he argues that he should not have

been convicted of aggravated burglary because he was a resident of the house where the incident occurred. In his petition, Mr. Stoddard argued that his trial counsel was ineffective for failing to investigate his claim of actual innocence as to the aggravated burglary count and present witnesses at trial who would have established that he lived at the house where the incident occurred. In support of his argument, he submitted four affidavits, including his own, that averred that he resided at the house. According to Mr. Stoddard, the affidavits sufficiently establish that he was entitled to relief for ineffective assistance of counsel. He argues that the trial court, therefore, should have held an evidentiary hearing.

**{¶5}** To prevail on a claim of ineffective assistance of counsel, Mr. Stoddard had to establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Stoddard had to show that there existed a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶6} The aggravated burglary statute, Section 2911.11, provides that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person * * * is present, with purpose to commit * * * any criminal offense, if * * * [t]he offender inflicts * * * physical harm on another [or] * * * has a deadly weapon * * *." R.C. 2911.11(A). A person trespasses when he, "without privilege to do so, * * * [k]nowingly enter[s] or remain[s] on the land or premises of another[.]" R.C. 2911.21(A)(1); *see* R.C. 2911.10 (providing that "the element of trespass refers to a violation of section 2911.21[.]"). The issue, therefore, is whether Mr. Stoddard had privilege to be at the house at the time of the alleged aggravated burglary.

{¶7} The trial court determined that the affidavits Mr. Stoddard submitted in support of his petition were not credible. The Ohio Supreme Court has held that a court considering a petition for post-conviction relief may determine the credibility of affidavits without a hearing after considering "all relevant factors." *Calhoun*, 86 Ohio St.3d at 285. Those factors include:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* A court that discounts the credibility of an affidavit "should include an explanation of its basis for doing so * * * in order that meaningful appellate review may occur." *Id.*

{¶8} The trial court noted that it had presided over Mr. Stoddard's trial. It gave little weight to the affidavits Mr. Stoddard presented because they came only from himself, a friend, and family members. They also appeared to have been drafted by the same person. Regarding Mr. Stoddard's own affidavit, the court found that it was somewhat contradictory, averring in one place that he lived at the house and had personal belongings there, but later referring to the house as "her" house, referring to his alleged girlfriend at the time of the incident.

{¶9} The incident allegedly occurred during the early morning hours of January 6, 2013, at a house on Archwood Avenue. The affidavit that Mr. Stoddard submitted of Sheryl Stoddard avers that Mr. Stoddard lived at the Archwood house in 2012 but does not indicate that he was still living there in 2013. The affidavit he submitted of William Stoddard, his brother, also does not indicate that he lived at the Archwood house in 2013. According to Mr. Stoddard's brother, he and Mr. Stoddard began renting a house together "toward the end of 2012." Although he asserts that Mr. Stoddard continued spending some nights at the Archwood house even after they rented their own, he does not indicate that it continued into 2013.

{¶10} The affidavit that Mr. Stoddard submitted of Felisha Hood does not specifically indicate that Mr. Stoddard was a resident of the Archwood house on the day of the incident. She only asserted that she knew that Mr. Stoddard had been living at the house in 2012 and that "to [her] knowledge" he was still living there at the time of his arrest. The final affidavit that Mr. Stoddard submitted was his own. In it, he avers that he lived at the Archwood house until January 6, 2013. In his brief to this Court, however, he indicates that he only "resided" at the house "on occasion." In his description of the incident, Mr. Stoddard also indicates that, after going out with a group of friends that evening, he originally returned to a different house before deciding to venture out again and go to the Archwood house.

{¶11} Upon review of the record, we conclude that the trial court did not improperly exercise its discretion when it determined that the affidavits Mr. Stoddard submitted in support of his petition for post-conviction relief were not credible and that it was not necessary to hold a hearing on Mr. Stoddard's petition. *See id*. (explaining that a trial court has discretion in determining whether "an affidavit asserting information outside the record lacks credibility.").

We also conclude that it did not err when it denied the petition. Mr. Stoddard's assignment of error is overruled.

III.

{¶12} Mr. Stoddard's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

___

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR

APPEARANCES:

DAVID A. STODDARD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.